**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CHARLES A. CHEATHAM,**
Individually, and as Administrator                                                **PLAINTIFF**
**of the Estate of GERI LYNN
CHEATHAM, Deceased**

v.                                          4:09CV00880-WRW

**TEVA PHARMACEUTICALS USA,**                                                    **DEFENDANTS**
**INC.,** *et al.*

## AGREED CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, it is ORDERED pursuant to the Court's authority under Fed. R. Civ. P. 26©:

**I.     DEFINITIONS**

A.      "Confidential Information" means information concerning proprietary research and development; business and marketing strategy; distribution data, customer contracts and communications, regulatory compliance and communication; financial results and projections; internal organization and other data used on an internal basis only; patient medical data and records and similar documentation and which is designated as "Confidential" by the Producing Party (or, in the case of medical records, by the party securing the records), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, etc.

B.      "Stamped Confidential Document" means any document which bears the mark "CONFIDENTIAL -SUBJECT TO CONFIDENTIALITY ORDER" -- or which shall otherwise

have had the mark recorded on it in a way that brings its attention to a reasonable examiner -- to signify that it contains Confidential Information subject to protection under Fed, R Civ. P. 26© and this Order.

C.    "Document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to Rule 34 subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information may be accorded status as a Stamped Confidential Document, but, to the extent feasible, will be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

D.    "Producing Party" means the party that produced the Stamped Confidential Document.

**II.    NON-DISCLOSURE OF STAMPED CONFIDENTIAL DOCUMENTS**

A.    Except with the prior written consent of the Producing Party, or as provided in this Order, Stamped Confidential Documents may not be disclosed to any person.

B.    A Producing Party may, in its discretion, disclose its designated Stamped Confidential Documents to any person.

C.    Stamped Confidential Documents may be disclosed to:

(1)  the parties and counsel of record for the parties in this litigation, including the partners, associates, "contract attorneys," secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation, and in-house counsel;

(2)  Judges, court reporters, court personnel, or videographers present at trial, hearings, arguments, or depositions held in this matter.

(3)  Other persons who may be designated by written consent of the Producing Party or pursuant to Court Order.

D. Subject to sub-paragraph E, Stamped Confidential Documents may also be disclosed to:

(1) persons noticed for depositions or designated as trial witnesses, if such persons are the author or recipient of the document;

(2) consultants or experts retained for the purpose of assisting counsel of record in this litigation; and

(3) third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Stamped Confidential Documents.

E. Before disclosing Stamped Confidential Documents to any person pursuant to paragraph D, the party proposing such disclosure will show a copy of this Confidentiality Order to such person, and she/he will sign the Undertaking attached as Exhibit 1. The party will file the undertaking and may, in its discretion, do so *in camera* and under seal.

F. Before disclosing Stamped Confidential Documents pursuant to paragraph D to any person who is a competitor (or an employee of a competitor) of the Producing Party, the party proposing to make such disclosure will give at least 14 days advance notice in writing, which will identify the person(s) to whom the disclosure will be made, to counsel for the Producing Party. If, within the 14 day period, the Producing Party objects in writing to the proposed disclosure, disclosure will not be made until the parties have resolved the matter or the court has ruled on it. In ruling, the court should determine whether the objecting party has shown good cause why the proposed disclosure should not be permitted.

G.    A recipient of Stamped Confidential Documents will keep them in a secure area and will exercise due care to restrict access to those persons described in II(C)(1). Any summary, copy of, or excerpt from a Stamped Confidential Document will be subject to this Order to the same extent as the Stamped Confidential Document itself, and must be labeled as Confidential. A recipient will not duplicate any Stamped Confidential Document except for use as working copies and for filing in court.

### III.   DECLASSIFICATION OF STAMPED CONFIDENTIAL DOCUMENT

A.    A party may challenge, by motion, the propriety of a confidential designation at any time after first conferring over disputed issues in accordance with Local Rule 7.2. Taking into account the number of documents as to which the designation is being challenged, the parties agree to consent to a motion for a reasonable extension of time to oppose any such challenge. This extension is subject to the Court's limitation.

### IV.   CONFIDENTIAL INFORMATION IN DEPOSITIONS

A.    A deponent, other than a current employee of the Producing Party, will be shown a copy of this Order and will be asked to sign the Undertaking attached as Exhibit 1 before being shown or examined about Stamped Confidential Documents, except that any deponent may be shown and examined about Stamped Confidential Documents without being shown this Order and being asked to sign the Undertaking if the document reflects that the deponent was the author or recipient. Regardless of whether a deponent signs the Undertaking, this Order will apply to any deponent who is shown or examined about Stamped Confidential Documents.

B.    Parties and deponents may, within 45 days after receiving the deposition transcript from the court reporter, designate pages of the transcript (and exhibits thereto) as confidential by underlining or otherwise designating the portions of the pages that are confidential. The parties and the court reporter will thereafter mark such pages in all copies of

the transcript with the following legend, "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER." Until expiration of the 45 day period, the entire deposition will be treated as subject to this Order. If the deposition transcript is filed and a timely designation made, the confidential portions and exhibits will be filed under seal.

### V.     SUBPOENA FOR STAMPED CONFIDENTIAL DOCUMENTS

If Stamped Confidential Documents are subpoenaed by any person, court, administrative or legislative body, the party to whom the subpoena is directed will not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until twenty (20) days after giving counsel for the Producing Party notice in writing of the subpoena, accompanied by a copy of the subpoena. If the Producing Party objects to the subpoena, the party to whom the subpoena is directed agrees not to produce documents in response to it until the resolution of the objection by the appropriate court.

### VI.     FILING AND USE OF STAMPED CONFIDENTIAL DOCUMENTS FOR PRETRIAL PURPOSES.

A.     Stamped Confidential Documents will be filed under seal and will remain sealed in the Clerk's office so long as they retain their status as Stamped Confidential Documents.

B.     To the extent that any party wishes to use Stamped Confidential Documents during a hearing in this action, such party agrees to notify the Producing Party and the Court at least ten (10) days in advance of the hearing so that the hearing can be conducted *in camera,* and agrees to submit any Stamped Confidential Documents to the Court for its *in camera* inspection. In the event that, during any hearing in which a party submits Stamped Confidential Documents, the Court cannot ensure the continued confidentiality of such information, or any party or person objects to the procedures set

5

forth in this paragraph, the parties agree to the entry of a temporary sealing order until a motion to seal court records permanently is filed and ruled upon. Any transcript of an *in camera* hearing will be treated as confidential pursuant to this Order.

### VII.   USE OF STAMPED CONFIDENTIAL DOCUMENTS AT TRIAL.

Use of Stamped Confidential Documents at trial will be determined by subsequent agreement of the parties or order of this Court.

### VIII.   PROPER USE OF STAMPED CONFIDENTIAL DOCUMENTS

Persons obtaining access to Stamped Confidential Documents pursuant to Order will use the information for preparation and trial of this litigation only—including appeals and retrials—and will not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

### IX.   NON-TERMINATION

The provisions of this Order will not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this or any related litigation, Stamped Confidential Documents and all copies of same (other than exhibits of record) will be returned to the party or person which produced such documents or, at the option of the producer, destroyed. All counsel of record will make certification of compliance herewith and will deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

### X.   MODIFICATION PERMITTED

Nothing in this Order will prevent any party or other person from objecting to discovery that it believes to be otherwise improper or from seeking modification of this Order, including further provisions for categories of documents requiring heightened protection.

## XI.  INADVERTENT DISCLOSURE

A. Any inadvertent disclosure of confidential, proprietary, or privileged material will not be construed as a waiver, in whole or in part, of (1) the Producing Party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally disclosed or more generally as to the subject matter of the information disclosed, or (2) the party's right to designate the material as confidential pursuant to this Order. A written representation by counsel for the Producing Party that the disclosure was inadvertent will be deemed prima facie evidence of that fact.

B. The Producing Party will promptly notify the other party of an inadvertent disclosure following discovery of the inadvertent production, and that other party (I) will in the case of a privileged document, return the inadvertently disclosed document forthwith, as well as any and all copies; or (ii) in the case of a confidential, proprietary document, will mark it and all copies, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER." In the event that the other party cannot comply with these requirements—because, for example, the inadvertently produced document has been given to a third party—the other party will provide the Producing Party with the name, address, and telephone number of such person(s) as well as the date of and reason for the transmission of the document.

C. Notice of inadvertent disclosure will apply to all copies of the document inadvertently disclosed, including documents inadvertently produced in cases other than this action (such that inadvertent disclosure of a confidential or privileged document in another jurisdiction, or in other litigation, will not constitute a waiver of privilege under this Order).

## XII. ADVERTENT DISCLOSURE

A. Any advertent disclosure of a document reflecting that counsel received a copy will not be deemed a waiver of any privilege or work product protection that attaches to the information accompanying the document, or of any privilege or work product protection attaching to advice given or work product created in response to the document.

B. Any advertent disclosure of a document that counsel signed or initialed to reflect his/her approval or disapproval will not be deemed a waiver of any privilege or work product protection that attaches to any advice given or work product created relating to the approval or disapproval.

IT IS SO ORDERED this 7th day of December, 2010 (Pearl Harbor Day).

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CHARLES A. CHEATHAM,
Individually, and as Administrator**            **PLAINTIFF**
**of the Estate of GERI LYNN
CHEATHAM, Deceased**

**v.**            **No. 4:09-cv-00880-WRW**

**TEVA PHARMACEUTICALS USA,**
           **DEFENDANTS**
**INC.,** *et al.*

**UNDERTAKING PURSUANT TO
CONFIDENTIALITY ORDER**

STATE OF _____  ) ss.
                                                  )
COUNTY OF _____  )

I, _____, the undersigned, declare and say:

    1.  I am
_____.
                  Describe relationship to the party submitting the Undertaking

I am employed by _____ as
_____.
                 Employer                                                 Position

My business address is_____,

telephone number _____.

    2.  I have read and understand the Confidentiality Order ("the Order") entered by the Court on _____, 2010.

    3.  I understand that I may be receiving confidential information as described in the Order.  By execution of this Undertaking, I agree to be bound by all provisions of the

9

Order.  I agree not to disclose confidential information as described in the Order to any person not entitled to receive it and agree not to use such information except in connection with this litigation.

  4.  I am informed and understand, and therefore acknowledge, that I may be subject to contempt of court or any other penalties authorized by law or statue if I fail to comply with each of the provisions of the Order.

  5.  I consent to and accept, generally and unconditionally, the jurisdiction of the United States District Court for the Eastern District of Arkansas in the matter entitled *Charles A. Cheatham v. Teva Pharmaceuticals USA, Inc. et al*. for the enforcement of the provisions of the Order.

  I declare under penalties of perjury that the foregoing is true and correct.

  Executed on _____ at _____.

_____
DECLARANT

Subscribed and sworn to before me
this _____ day of _____, _____.

_____
Notary Public

My Commission Expires: _____